IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Case No.: 1:05-cr-33 (WLS) |
| SADERRICK JERMAINE NOIRD, | : |
| Defendant. | : |

## **ORDER**

Before the Court is Defendant Saderrick Jermaine Noird's Motion for Reconsideration of the Court's May 9, 2013 denial of his Motion to Proceed on Appeal *In Forma Pauperis*. Noird urges the Court to reconsider its finding that his appeal is not taken in good faith. He claims he "sincerely reasons" he is entitled to a sentence reduction based on his reading of the Sentencing Guidelines Commentary and case law.

Motions for reconsideration are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). Courts in this district grant motions for reconsideration in three circumstances: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997).

None of these grounds are present here. Noird's argument appears to be premised on a misinterpretation of the term "good faith" in 28 U.S.C. § 1915. His "sincere" belief about the merits of his arguments is irrelevant. "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined

under an objective standard. . . . An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859–60 (11th Cir. 2008) (citations omitted).

Noird's appeal is not taken in good faith because its legal theories are "indisputably meritless." The Court sentenced Noird as a career offender, so he is ineligible for a sentence reduction under Amendment 750. *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012). That the Court subsequently lowered his sentence for substantial assistance does not change the result. *See United States v. Moore*, 541 F.3d 1323, 1329–30 (11th Cir. 2008). Furthermore, *United States v. Savani*, No. 11-4359, 2013 WL 1876752 (3d Cir. May 7, 2013), is distinguishable because the appellees were not sentenced as career offenders. *See* 2013 WL 1876752, at * 3.

Noird's motion for reconsideration (Doc. 156) is **DENIED**.

**SO ORDERED**, this  24th  day of May 2013

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**